J-S05034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
TIMOTHY DEONDRE ISHWAY :
:
Appellant : No. 745 MDA 2021

Appeal from the PCRA Order Entered May 10, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004327-2019

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                     **FILED:  JUNE 8, 2022**

Appellant, Timothy Deondre Ishway, appeals from the May 10, 2021 order that denied his petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  In addition, Appellant's appointed counsel, Tessa Marie Myers, Esq., has filed a Petition to Withdraw as Counsel and an accompanying ***Turner/Finley*** "no merit" Brief.[1]  After review, we grant counsel's application and affirm the PCRA court's Order.

**FACTUAL AND PROCEDURAL HISTORY**

On August 9, 2019, while Appellant was on parole, the Commonwealth charged him with Strangulation, Endangering the Welfare of Children, Simple Assault, and Harassment after his paramour, Roslyn Jackson, called police and

_____

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

reported that she was involved in a physical altercation with Appellant.  Ms. Jackson informed police that Appellant choked her until she could not breath, and that when her 11-year-old son tried to intervene, Appellant punched him in the back.  Affidavit of Probable Cause, 5/12/19.  Upon arrival at the scene, police observed scratch marks on Ms. Jackson's neck and a broken fingernail on her left ring finger.  *Id.*

On December 9, 2019, Ms. Jackson signed a statement recanting her allegations against Appellant.  PCRA Hrg. Def. Exh. 1, 12/9/19 Statement.  In the statement, Ms. Jackson explained that she lied to police because she was angry with Appellant after she encountered him at a bar with another woman, and the scratches were the result of Ms. Jackson engaging in an altercation with the other woman.  *Id.*

On October 11, 2020, after consultation with his counsel Marc Jarrel Semke, Esq., Appellant entered a negotiated guilty plea to an amended count of Simple Assault – Mutual Consent Fight in exchange for 12 months of probation.  On January 26, 2021, the Pennsylvania Parole Board issued an Order to Recommit Appellant to prison as a result of his parole violation.

On February 25, 2021, Appellant, through newly obtained counsel Sandra Thompson, Esq., filed a PCRA petition alleging ineffective assistance of plea counsel, Attorney Semke.  Specifically, Appellant averred that Attorney Semke was ineffective for (1) failing to inform Appellant that pleading guilty could result in a parole violation and, consequently, incarceration and (2) failing to pursue trial because the alleged victim Ms. Jackson recanted and

was willing to testify that her statements to police were false. PCRA Petition, 2/25/21, at 3.

On April 29, 2021, the trial court held a hearing on the petition and heard testimony from Attorney Semke, Ms. Jackson, and Appellant.

Relevant to this appeal, Attorney Semke testified that he began representing Appellant in January of 2020, had several meetings with Appellant as well as Ms. Jackson, and forwarded Ms. Jackson's recantation statement to the Commonwealth. Attorney Semke testified that the Commonwealth made Appellant two offers involving jail time, which Appellant refused because Appellant wished to go to trial, maintain his innocence, and avoid incarceration. Attorney Semke stated that even though Appellant wanted to go to trial, Appellant authorized Attorney Semke to continue to try to get a plea deal that did not involve jail time.

Attorney Semke testified that the Commonwealth made a final offer for Appellant to plead guilty to Simple Assault – Mutual Consent Fight in exchange for twelve months' probation. Attorney Semke stated that he explained to Appellant the usual trial risks and that Appellant's most serious charges carried a standard range sentence of forty-eight to sixty months. Finally, Attorney Semke stated that he advised Appellant that there was "no guarantee" that a factfinder would find him not guilty at trial with the recantation statement. N.T. PCRA Hearing, 4/29/21, at 30. Attorney Semke testified that he knew Appellant was on parole, and that he explained to Appellant that he could get a "parole hit" for pleading guilty to a misdemeanor

but that it would be "unlikely" because of the length of time Appellant had been on parole and the fact that the Commonwealth was incarcerating less on warrants and violations during the COVID-19 pandemic. *Id.* at 20-22. Attorney Semke explained that he informed Appellant that his parole officer could "reach back" and Appellant could lose any street time he had accumulated while on parole. *Id.* at 23.

Ms. Jackson and Appellant both testified that Attorney Semke promised Appellant that pleading guilty would not result in a parole violation and, consequently, incarceration.

On May 6, 2021, the trial court entered an Order and Opinion in Support of Order that denied Appellant's petition. In its Opinion, the court specifically credited Attorney Semke's testimony, and found Ms. Jackson and Appellant's testimony to be not credible.

Appellant timely appealed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement and the trial court filed a responsive Rule 1925(a) Opinion, relying on the reasoning set forth in its May 6, 2021 Opinion in Support of Order. After filing the Rule 1925(b) statement on behalf of Appellant, Attorney Thompson filed an Unopposed Application to Withdraw as Counsel, which this Court granted. Upon remand, the trial court determined that Appellant was eligible for court-appointed counsel and appointed Attorney Meyers to represent Appellant.

In this Court, Attorney Meyers filed a *Turner/Finley* Brief, raising the following issues:

I. Whether the court committed reversible error and an abuse of discretion by denying [Appellant]'s requests to withdraw his guilty plea and for a new trial on the basis that [Appellant] failed to meet the reasonableness prong to establish ineffective assistance of counsel when there was no reasonable basis for [Appellant]'s former trial counsel to provide false and/or incorrect information to [Appellant] about whether or not [Appellant] would suffer a parole violation, a set back, and/or additional jail time which prejudiced [Appellant] when [Appellant] maintained his innocence and would not have entered the guilty plea and would not accept a penalty that included a prison sentence, even as a collateral consequence, had trial counsel provided accurate legal advice?

II. Whether the court committed reversible error and an abuse of discretion by finding that [Appellant] knowingly, intelligently, and voluntarily entered a guilty plea to simple assault by mutual affray for probation when [Appellant] was adamant that he would accept no plea that would result in jail time, including jail time from parole violation, but [Appellant] was induced to accept said plea because he detrimentally relied on, and was affirmatively misled by, the ineffective assistance, false assertions and promises of trial counsel who incorrectly created a cap to [Appellant]'s violation and set back exposure, advising [Appellant] to include: he would not be violated because he maxed out or was no longer subjected to his parole; it would be less likely that state parole would violate [Appellant] due to COVID-19 considerations; and that the state was releasing rather than incarcerating more people; while failing to appropriately advise [Appellant] that based on the parole board's published guidelines, [Appellant] would likely receive a nine to fifteen month parole sentence and would lose his street time?

III. Whether the court committed reversible error and an abuse of discretion by failing to find trial counsel ineffective for failing to pursue and present at trial recantation evidence by finding Roslyn Jackson incredible when: the court's credibility determinations are not supported by the record, because Ms. Jackson did not testify at the PCRA hearing about the allegations in the police affidavit to justify and to support her recantation; when the recantation existed since at least within a few days after the initial calls were made to

- 5 -

police which evidences [Appellant's] claim was meritorious; when the claims against [Appellant] were based on information received from Ms. Jackson; when [Appellant] was prejudiced in that a jury could believe that she lied to police and/or [Appellant] would have been acquitted because the Commonwealth could not prove its case beyond a reasonable doubt because Ms. Jackson lacked credibility; and when trial counsel lac[k]ed a reasonable basis not to attack Ms. Jackson's credibility at trial, especially in light of trial counsel's affirmative action to mislead defendant into accepting a guilty plea by providing false statements about [Appellant]'s likelihood of suffering parole penalties from a guilty plea?

*Turner/Finley* Br. at 5. Attorney Meyers also filed a Petition to Withdraw as Counsel.

**Counsel's Petition to Withdraw**

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to *Turner*/*Finley*, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement

- 6 -

advising petitioner of the right to proceed *pro se* or by new counsel."
**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Attorney Meyers has complied with each of the above requirements. Counsel has presented a comprehensive review of the issue Appellant seeks to raise on appeal, the appropriate standard of review on appeal, and addressed the PCRA court's analysis where appropriate. **Turner**/**Finley** Br. at 9-25. Based on this analysis, counsel concludes that the PCRA court's decision was free of legal error and supported by the evidence of record. **Id.** In addition, Attorney Meyers sent Appellant copies of the **Turner**/**Finley** Brief and her petition to withdraw, and she advised Appellant of his rights in lieu of representation.[2] **See** Petition to Withdraw as Counsel, 11/29/21; Notification, 12/3/21, Exh. A (Letter, dated 11/29/21).

Once we determine that counsel has complied with the **Turner**/**Finley** requirements, this Court must conduct an independent review of the record to determine the merits of Appellant's claims. **Wrecks**, 931 A.2d at 721. As discussed below, our independent review confirms that Appellant's issues are without merit.

**LEGAL ANALYSIS**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and

---

[2] Appellant did not respond to counsel's Petition to Withdraw or the November 29, 2021 Letter.

- 7 -

free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." **Id.** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. **Id.**

"[A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the

- 8 -

defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Willis***, 68 A.3d 997, 1001-02 (Pa. Super. 2013) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** at 1002 (citation omitted). A defendant need not be pleased with the outcome of his decision to plead guilty. ***Anderson***, 995 A.2d at 1192. "All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Id.*** (citations omitted).

In his first two issues on appeal, Appellant avers that his plea counsel was ineffective for not informing Appellant that a guilty plea could result in a parole violation of his prior sentence and, therefore, he did not enter his guilty plea knowingly, intelligently, and voluntarily. ***Turner*** Br. at 4.

Here, the PCRA court credited Attorney Semke's testimony that he did, in fact, inform Appellant that pleading guilty could result in a parole violation but that he thought that possibility was unlikely. The court opined:

> Attorney Semke testified credibly that he was aware of his client's concern that he not face any incarceration; however, [Appellant] authorized Attorney Semke to seek a better deal to which he plead, upon it being obtained. [Plea] counsel advised [Appellant] that he could still sustain a parole violation and Attorney Semke only provided his **opinion** that this would be an unlikely eventuality. Moreover, this fits the range of permissible attorney conduct[.] The reasonable basis prong of the test for ineffectiveness has not been met. Thus, [Appellant] has failed to prove, by a preponderance of the evidence, one of the prongs in a test in which all there must be proven in order to succeed. The claim necessarily fails[.]

- 9 -

PCRA Ct. Op., dated 5/6/21, at 12. The PCRA court also found that Appellant read the plea colloquy, understood the plea colloquy, and entered the plea knowingly, intelligently, and voluntarily. *Id.* at 5, 14.

Our review of the record supports the PCRA court's findings, and we decline to reweigh the evidence. The fact that Appellant is unhappy with the outcome of his decision to plead guilty does not invalidate his plea. This issue is devoid of merit.

In his final issue, Appellant avers that plea counsel was ineffective for failing to pursue trial and present the recantation testimony of Ms. Jackson. *Turner* Br. at 22. The PCRA court found that this claim lacks arguable merit and we agree. *See* PCRA Ct. Op. at 16.

The record reflects that Appellant encouraged Attorney Semke to continue to negotiate with the Commonwealth for a plea deal that did not involve prison time. When the Commonwealth offered such a deal, Appellant chose to take the deal and enter a negotiated plea. As discussed above, Attorney Semke discussed the pros and cons of entering a plea versus pursuing trial with Appellant, and his actions were reasonable. Once Appellant decided to enter a guilty plea, Ms. Jackson's recantation statement became irrelevant. As noted above, "allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Willis*, 68 A.3d at 1001-02 (citation omitted). With this claim, Appellant fails to establish how Attorney Semke's actions caused Appellant to

enter an involuntary or unknowing plea and, consequently, fails to provide a basis for relief.

**CONCLUSION**

Appellant's assertions are without merit or evidentiary support. Our independent review of the record confirms that plea counsel represented Appellant effectively and that Appellant entered his plea knowingly, voluntarily, and intelligently. For these reasons, we conclude that the PCRA court's decision is supported by the evidence of record and free of legal error. Accordingly, we grant counsel's Petition to Withdraw as Counsel and affirm the PCRA court's Order.

Petition to Withdraw as Counsel granted; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2022